UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

| | |
|---|---|
| EDIT GYURITZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| CAPIO PARTNERS, LLC, | ) |
| a Texas limited liability company, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages arising from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Defendant violated said Act by attempting to collect an alleged debt from Plaintiff which, by law, she does not owe.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to, the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

3. There is only one affirmative defense to liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). *See Tourgeman v. Collins Financial Services, Inc.*, 197 F. Supp. 3d 1222, 1225 (S.D. Cal. 2016).

4. The bona fide error defense applies only to procedural or clerical errors. It does not excuse mistakes of law — i.e., "violations resulting from a debt collector's

mistaken interpretation of the legal requirements of the FDCPA." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). To take advantage of this defense, the defendant must show by the preponderance of the evidence that its violation of the Act was not intentional, was a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid any such error. *Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1352-53 (11th Cir. 2009).

5.  The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006). Further, a single violation of the statute is sufficient to establish civil liability. *Id*.

6.  The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under section 1692e. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices. *Id*. at 1175-76.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce …"), and 15 U.S.C. §1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, …").

8. Venue is proper in this judicial district because Defendant engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, …").

## PARTIES

9. Edit Gyuritza ("Plaintiff") is a natural person and resident of Delray Beach, Florida. Delray Beach is located in Palm Beach County.

10. Edit Gyuritza, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

11. Capio Partners, LLC ("Defendant") is a Texas limited liability company whose principal address is 2222 Texoma Pkwy, Ste. 150, Sherman, TX 75090 and whose registered agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

12. Capio Partners, LLC, through the mailing of debt collection letters, regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Capio Partners, LLC is registered as a consumer collection agency in the State of Florida (CCA0900462) and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. On or about May 28, 2017, Plaintiff was injured in a work-related accident which required medical treatment or services.

15. A portion of such necessary medical treatment or services was provided by JFK Medical Center.

16. Under Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require." *Ascension Benefits v. Robinson*, 232 So. 3d 1178, 1180 (Fla. Dist. Ct. App. 2017).

17. Additionally, under Fla. Stat. § 440.13(14)(a), Florida Statutes (2006), <u>a health care provider may not collect or receive a fee from an injured employee</u> within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter. *See Avalon Center v. Hardaway*, 967 So. 2d 268, 274 (Fla. Dist. Ct. App. 2007) (emphasis added)

18. Furthermore, in accord with these statutes, an employee is shielded from liability in any dispute between the employer or carrier and health care provider (as is the case here) regarding reimbursement for the employee's authorized medical or psychological treatment. *See id*.

19. Irrespective of the aforementioned facts, on or about August 30, 2018, Defendant sent Plaintiff a debt collection letter stating therein that, "The above account, owed to JFK Medical Center is past due. Capio Partners has been contracted to collect the outstanding balance."

20. The alleged outstanding balance arose from medical services related to Plaintiff's documented workplace injury and is a "debt" within the meaning of 15 U.S.C. § 1692a(5). *See Dunham v. Lombardo,* 830 F. Supp. 2d 1305, 1307 (S.D. Fla. 2011) (finding that so long as a complaint "demonstrate[s] the debt involves a mortgage, credit

card, *medical bill,* or other consumer debt," a consumer debt is established) (emphasis in original).

21. At all times relevant herein, Defendant could have determined in a few minutes (if not seconds) that Plaintiff's injuries were the result of a covered workplace injury, as this information is readily ascertainable from both Defendant's client and/or by visiting https://www.jcc.state.fl.us/JCC/, the Office of the Judges of Compensation Claims.

## COUNT I
### Violation of the FDCPA at 15 U.S.C. §§ 1692e and 1692e(2)(A)

22. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

23. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of a debt.

24. Defendant violated Section 1692e by violating Fla. Stat. § 440.13(3)(g), specifically by attempting to collect a debt from Plaintiff which, by law, she does not owe.

25. Defendant made such demand despite its knowledge of the facts surrounding Plaintiff's workplace injury and the protections afforded by Florida law.

26. A violation of state law may, as is this circumstance, be a violation of the FDPCA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) ("[C]ollection activities that use 'any false, deceptive, or misleading representation or means,' . . . under state law, will also constitute FDCPA violations.").

27. More specifically, Section 1692e(2)(A) prohibits a debt collector from falsely representing of "the character, amount, or legal status of any debt." *Valle v. First*

*Nat. Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017).

28. Defendant's debt collection letter falsely represents "the character, amount, or legal status" of the alleged debt by alleging that Plaintiff is responsible for the alleged debt when, in fact, she is shielded from such liability by statute.

29. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in her favor, and against Defendant for:

   a. Statutory damages in the amount of $1,000 dollars;

   b. Attorney's fees, litigation expenses and costs of suit;

   c. Such other or further relief as the Court deems proper.

### JURY DEMAND

30. Plaintiffs demand trial by jury.

Dated: September 14, 2018

                                                  Respectfully submitted,

                                                  s/ *Scott D. Owens*
                                                  Scott D. Owens, Esq. (FBN 0597651)
                                                  SCOTT D. OWENS, P.A.
                                                  3800 S. Ocean Dr., Ste. 235
                                                  Hollywood, FL 33019
                                                  Tel: 954-589-0588
                                                  Fax: 954-337-0666
                                                  scott@scottdowens.com